UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| Michael Burke, | Civil Action No.: 3:17-cv-368 |
| Plaintiff, | |
| v. | |
| Compass Bank, | **COMPLAINT** |
| | **JURY** |
| Defendant. | |

For this Complaint, Plaintiff, Michael Burke, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Michael Burke ("Plaintiff"), is an adult individual residing in Galveston, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant, Compass Bank ("Compass"), is an Alabama business entity with an address of 15 South 20th Street, Suite 1802, Birmingham, Alabama 35233, and is a "person" as defined by 47 U.S.C. § 153(39).

**FACTS**

5.      In or around January 2017, Compass began calling Plaintiff's cellular telephone, number 409-xxx-1160, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

6.      When Plaintiff answered calls from Compass, he heard a prerecorded message.

7.      Plaintiff demanded that the calls cease on several occasions between January 2017 and June 2017.

8.      Nevertheless, Compass continued to place automated calls to Plaintiff's cellular telephone number.

9.      Compass' calls directly interfered with Plaintiff's right to peacefully enjoy a service for which he paid, and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

**COUNT I**
**VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ*.**

10.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11.     At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer and/or using a prerecorded or artificial voice.

12.     Defendant continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

13. The telephone number called by Defendant was and is assigned to a cellular telephone serviced by AT&T for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

14. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

15. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

17. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 4, 2017

                                      Respectfully submitted,

                                      By:   /s/ Jenny DeFrancisco

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

4